# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **KRISTIN TRAVIS**, individually; as parent, guardian, and next friend of **KALIYAH WOODS**, a minor; and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14 cv 9094 |
| **NUTEK DISPOSABLES, INC.**; **FIRST QUALITY ENTERPRISES, INC.**; and **FAMILY DOLLAR STORES, INC.**, | ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

NOW COMES Plaintiff KRISTIN TRAVIS, individually; as parent, guardian, and next friend of KALIYAH WOODS, a minor; and on behalf of all others similarly situated, by and through counsel, and respectfully requests the entry of an order certifying this action as a nationwide class action pursuant to Fed.R.Civ.P. 23(a) and (b)(3), as follows:

## CLASS DEFINITION

1. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of herself and putative Classes of similarly situated individuals, defined as follows:

> **Economic Damages Class**: All persons in the United States who suffered economic or financial damages as a result of the purchase or use of the Products.
>
> **Personal Injury Class**: All individuals who suffered personal injuries and resulting damages as a result of the use of the Products.

Excluded from the Classes are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family;

(3) any person who executes and files a timely request for exclusion from the Class; (4) any person who has had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

(*See* Plaintiff's Class Action Complaint ("Compl."), ¶ 34).

2. Plaintiff further requests that she be appointed the representative of the Classes, and that Zimmerman Law Offices, P.C. be appointed counsel for the Classes.

3. Plaintiff incorporates by reference the allegations in her Complaint in support of this motion.

## NATURE OF THE CASE

4. Plaintiff has filed a Complaint against Defendants Nutek Disposables, Inc. ("Nutek"), First Quality Enterprises, Inc. ("First Quality"), and Family Dollar Stores, Inc. ("Family Dollar") (collectively "Defendants") alleging that Defendants designed, manufactured, marketed and sold baby wipes under the brand names Cuties, Diapers.com, Femtex, Fred's, Kidgets, Member's Mark, Simply Right, Sunny Smiles, Tender Touch, and Well Beginnings (the "Products") that were contaminated with the bacteria Burkholderia cepacia ("B. cepacia"). (Compl., ¶¶ 1-8).

5. Plaintiff alleges that even though Defendants' knew about the contamination by October 3, 2014 at the latest, Defendants continued to sell the defective Products, including Kidgets baby wipes, and Nutek did not institute a recall of the contaminated Products until October 25, 2014. (Compl., ¶¶ 1-8, 17-33).

6. Plaintiff further alleges that she used Kidgets baby wipes that were contaminated with B. cepacia bacteria on her minor daughter, and as a result, her daughter developed a bacterial infection that required medical care and treatment. (Compl., ¶¶ 17, 28-32).

7. Additionally, Nutek stated that it received reports that other individuals who used the Products have developed rashes, irritation, and fever due to the presence of B. cepacia on the Products. (Compl., ¶ 32).

8. Finally, Plaintiff alleges that Plaintiff and the Class members relied on Defendants' misrepresentations and omissions that the Products were "hypoallergenic" in deciding to purchase the Products, and Plaintiff and the Class members would not have purchased them had they known the truth about their defect. (Compl., ¶¶ 18-23, 33).

9. In the Complaint, Plaintiff asserts claims on behalf of nationwide Classes for: (a) strict liability; (b) negligence; (c) consumer fraud; (d) breach of express warranty; (e) breach of implied warranty of merchantability; and (f) breach of implied warranty of fitness for a particular purpose.

## CLASS CERTIFICATION REQUIREMENTS

10. To achieve Class certification, a plaintiff must demonstrate that Rule 23(a)'s four prerequisites are satisfied: (1) that the proposed Class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the Class; (3) that the claims of the representative party are typical of the claims of the Class; and (4) that the representative party will fairly and adequately protect the interests of the Class. Fed. R. Civ. P. 23(a). This case satisfies all of those factors.

11. **Numerosity.** To satisfy the numerosity requirement, a Class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "When the Class is large, numbers alone are dispositive." *Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D. Ill. 1986). Where the Class numbers at least 40, joinder is generally considered impracticable. *McCabe v. Crawford & Co.,* 210 F.R.D. 631, 643 (N.D. Ill. 2002). Here, the

3

exact number of Class members is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. Due to the number of Products affected, as well as the fact that the Products were sold by major nationwide retailers such as Walgreens, Sam's Club, Family Dollar, Fred's, and Diapers.com, the Classes likely consist of thousands of individuals. Even if Defendants dispute that number, the Court may rely on common sense assumption or reasonable inferences based on known facts. *See, e.g.*, *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination…. Where the exact size of the Class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 Newberg on Class Actions (3d ed. 1992), § 7.22.A.

12. **Commonality.** Rule 23(a)'s second requirement is that there must be "questions of law or fact common to the Class." Fed. R. Civ. P. 23(a)(2). This "commonality" requirement is satisfied by showing "a common nucleus of operative fact" *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998), that is "of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Where a question of law involves "standardized conduct of the defendant toward members of the proposed Class, a common nucleus of operative facts is typically presented, and the commonality requirement ... is usually met." *Franklin v. City of Chicago,* 102 F.R.D. 944, 949 (N.D. Ill. 1984); *accord, Patrykus v. Gomilla,* 121 F.R.D. 357, 361 (N.D. Ill. 1988). Here, Defendants engaged in standardized conduct involving a common nucleus of operative facts. Upon information and belief, Defendants' misrepresentations and omissions regarding the safety of the Products and that they

4

were "hypoallergenic" were uniform to each Class member, and each Class member's Products were contaminated with B. cepacia. Therefore, in this case, there are questions of law and fact common to the Classes which predominate over any questions affecting only individual members, in satisfaction of Rule 23(a). These questions include, but are not limited to, the following:

    a.    Whether the Products are defective;

    b.    Whether any Defendant knew the Products were defective but still distributed and sold the Products;

    c.    Whether Defendants concealed or failed to disclose the Products' defects;

    d.    Whether Nutek and First Quality owed Plaintiff and Class members a duty of care in the design, manufacture, distribution, and sale of the Products;

    e.    The scope of the duty Nutek and First Quality owed to Plaintiff and Class members;

    f.    Whether Nutek and First Quality breached their duty of care to Plaintiff and Class members;

    g.    Whether Defendants misrepresented that the Products were hypoallergenic;

    h.    Whether the contaminated Products are harmful;

    i.    Whether Defendants breached express or implied warranties;

    j.    Whether Nutek and First Quality violated the consumer protection laws of all fifty states and the District of Columbia; and

    k.    Whether Plaintiff and Class members suffered damages, and if so, the nature and extent of those damages.

(Compl., ¶ 36).

13. **Typicality.** Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the Class." Fed. R. Civ. P. 23(a)(3). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other Class members and his or her claims are based on

the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

In this case, typicality is inherent in the Class definitions because each Class member of the respective Class, including Plaintiff, was subjected to the same deceptive conduct. Each Class member's claim is based on the same legal theory as Plaintiff's—namely, whether the uniform misrepresentations and omissions of Defendants were deceptive, unfair, or fraudulent, and whether each Class member purchased and/or used a defective Product. (Compl., ¶ 1-8, 37). Thus, Rule 23(a)(3)'s "typicality" requirement is satisfied.

14. **<u>Adequacy of Representation</u> — Rule 23(a)(4) Adequacy Requirement.** Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The burden of showing sufficient interest is relatively modest." *Redmon,* 2008 WL 656075 at *4.

Here, Plaintiff understands the obligations of being a Class representative, the nature of the claims that are involved in the litigation, and she has an interest in representing the Class. (Compl., ¶ 38). Given the identity of claims between Plaintiff and the Class members, there is no potential for conflicting interests. There is no antagonism between the interests of Plaintiff and those of the other Class members in either Class, which is the key factor to determine whether a plaintiff is an adequate representative. (Compl., ¶ 38). Therefore, Rule 23(a)(4)'s "adequacy" requirement is satisfied.

15. **<u>Adequacy of Representation</u> — Rule 23(g) Class Counsel Adequacy Requirement.** Class counsel's adequacy is determined by four factors: (i) the work counsel has done in identifying or investigating potential claims; (ii) counsel's experience in handling class actions; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will

commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A). Here, Plaintiff's counsel has thoroughly discovered the ins-and-outs of Defendants' alleged misrepresentations and omissions, and the defects in the Products. Plaintiff's counsel are experienced class action lawyers. (Compl., ¶ 38). They have been appointed as lead or co-lead counsel in numerous nationwide class actions and have recovered substantial monies for their clients and class members. Finally, Plaintiff's counsel have significant financial and administrative resources to prosecute this matter on behalf of the Class. (*See* Declaration of Thomas A. Zimmerman, Jr., attached hereto as Exhibit 1, and Plaintiff's counsel's website www.attorneyzim.com).

### The Requirements of Rule 23(b)(3) Are Satisfied

16. To certify a class under Rule 23(b)(3), a plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

17. **Predominance.** Rule 23(b)(3) requires that Plaintiff show that common questions of law or fact predominate over any individual questions. For the reasons discussed above regarding commonality and typicality, there is no reason to believe that any individual question will predominate over the common questions in this litigation. Common legal issues predominate because all putative Class members' claims arise out of the same misconduct on the part of Defendants. Common fact issues predominate because all putative Class members' claims are focused on Defendants' misrepresentations and omissions, as well as the defective nature of the Products themselves.

18. **Superiority.** Fed. R. Civ. P. 23(b)(3) requires that a Class action be the superior method of adjudicating the claims at issue. The Court determines the best available method for

7

resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181, 189 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "[i]nability of the poor or uninformed to enforce their rights, and the improbability that large numbers of Class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974).

Here, allowing the case to proceed as a class action will be an efficient use of judicial resources and will be superior to individual lawsuits. From the perspective of the Court system, filing numerous individual cases against Defendants would be unduly burdensome to the courts, and judicial efficiency would be greatly promoted by the adjudication of identical claims through a single proceeding.

From the perspective of the Class members, a class action is a superior means of resolving the issues regarding Defendants' misconduct, especially when compared to individual actions. Allowing this case to proceed as a class action will be an efficient use of judicial resources and will be superior to individual lawsuits, especially considering the large number of potential individual lawsuits.

WHEREFORE, because the proposed Classes meet the requirements of Rules 23(a), (b)(3), and (g), Plaintiff requests that the Court (i) certify the Classes, (ii) appoint Plaintiff as the Class representative, (iii) appoint Plaintiff's counsel as Class counsel, and (iv) for any other relief the Court deems just.

Plaintiff KRISTIN TRAVIS, individually; as parent, guardian, and next friend of KALIYAH WOODS, a minor; and on behalf of all others similarly situated,


By:    s/Thomas A. Zimmerman, Jr.
      Thomas A. Zimmerman, Jr. (IL #6231944)
      *tom@attorneyzim.com*
      Adam M. Tamburelli (IL #6292017)
      *adam@attorneyzim.com*
      Frank J. Stretz (IL #6310264)
      *frank@attorneyzim.com*
      ZIMMERMAN LAW OFFICES, P.C.
      77 West Washington Street, Suite 1220
      Chicago, Illinois 60602
      (312) 440-0020 telephone
      (312) 440-4180 facsimile
      www.attorneyzim.com

Counsel for the Plaintiff and Putative Class

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **KRISTIN TRAVIS**, individually; as parent, guardian, and next friend of **KALIYAH WOODS**, a minor; and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 14 cv 9094 |
| **NUTEK DISPOSABLES, INC.**; **FIRST QUALITY ENTERPRISES, INC.**; and **FAMILY DOLLAR STORES, INC.**, | ) ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF THOMAS A. ZIMMERMAN, JR.

I, Thomas A. Zimmerman, Jr., pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am shareholder of the law firm of Zimmerman Law Offices, P.C., the firm currently serving as counsel to Plaintiff Kristin Travis ("Plaintiff"). The facts stated herein are of my own personal knowledge and if called as a witness I could and would competently testify to the truth thereof.

2. I make this Declaration in support of Plaintiff's Motion for Class Certification.

3. Zimmerman Law Offices, P.C. has extensive experience with complex class action litigation throughout the country, and has obtained favorable results for its clients. Zimmerman Law Offices, P.C. specializes in consumer class actions and complex, multi-party litigation, and is competent to handle this matter.

4. I have significant experience in class action litigation, generally, and class-based consumer litigation, specifically. For the past 18 years, I have practiced extensively in class action, corporate, commercial, consumer fraud, product liability, and other complex litigation where I have

**EXHIBIT 1**

obtained multi-million dollar jury verdicts. I represent both plaintiffs and defendants in state and federal trial and appellate courts in various states nationwide.

5. In 2000, I was voted one of the *Top 40 Illinois Attorneys Under the Age of 40*. In 2003, the Illinois Supreme Court appointed me to the Review Board of the Attorney Registration and Disciplinary Commission ("ARDC"), and the Illinois Governor appointed me to the Illinois Courts Commission. In 2013, the ARDC appointed me as Special Counsel, wherein I conduct independent investigations in matters involving allegations of misconduct against attorneys associated with the ARDC.

6. I am admitted to practice law in Illinois, and other states on a case-by-case basis, and I am admitted to practice before the U.S. Supreme Court, federal district courts and federal court of appeals. Based on my demonstrated experience and ability, I was appointed to the federal court trial bar.

7. I have been lead counsel in national and state-wide class action litigation, and have handled multi-party litigation involving such companies as DaimlerChrysler, Commonwealth Edison, Mead Johnson, RC2 Corporation, PrimeCo Communications, the Chicago Sun-Times, Random House, Liberty Mutual Insurance Co., as well as others.

8. For example, I was lead counsel or co-class counsel in such class action cases, as follows:

(a) **Class Action for Cellulite Cream — $62 million** recovery for a nationwide class of customers who purchased products that were advertised to reduce cellulite in the human body. We obtained expert testimony to demonstrate that the active ingredients in the products could not shrink fat cells or fundamentally change the structure of skin, such that the products would have no physiological effect on cellulite in the body. Cash refunds were paid to the purchasers of the

products, and the manufacturer changed its advertising to stop making those claims. We included in the class recovery $1 million in donations to charities.

        (b)    **Class Action to Recover Cellular Phone Fee — $48 million** recovery for a statewide Illinois class of businesses and individuals who paid a municipal infrastructure maintenance fee on their cellular phone bills. Through litigation, the Illinois Supreme Court declared the fee to be unconstitutional, and we obtained refunds for cell phone customers from the Illinois municipalities that imposed the fee. In addition to having a plaintiff's class of cell phone customers certified by the court, we also convinced the court to certify a defendant's class of Illinois municipalities, which is notable as it is very difficult and uncommon for a court to certify a defendant's class.

        (c)    **Class Action from Inflated Newspaper Circulation — $31 million** recovery for a nationwide class of businesses and individuals who placed advertisements in a newspaper. The publisher charged advertisers a rate that was based upon and related to the publisher's representations as to the newspaper's circulation. However, the publisher significantly overstated the newspaper's circulation for several years, which caused the advertisers to overpay to advertise in the newspaper. Cash refunds were paid to the advertisers to reflect the amount of their overpayment, and $5 million was donated to charities.

        (d)    **Class Action for Power Outages — $7.75 million** recovery for a statewide Illinois class of businesses and individuals who sustained financial damages due to widespread and prolonged power outages. The outages resulted from the power company neglecting to maintain its transmission and distribution systems, and from placing electric loads on its cables that exceeded the cable's ratings. Thereafter, the company made improvements to its power facilities and distribution systems.

(e) **Class Action for Unsolicited Faxes — $4 million** recovery for a nationwide class of businesses and individuals who sustained damages resulting from the receipt of unsolicited facsimile advertisements. The defendant's insurance carrier denied coverage for this lawsuit under the defendant's insurance policies. We settled with the defendant with the understanding that we could not recover any money from the defendant's personal assets, but rather we would have to litigate the insurance coverage issue and seek to execute the judgment against the defendant's insurance company. Thereafter, we initiated and pursued a third-party citation proceeding against the insurance company, and through litigation we ultimately recovered the full amount of insurance coverage under the policies. We included in the class recovery $250,000 in donations to charities.

(f) **Class Action for Defective Baby Formula — $3.5 million** recovery for a nationwide class of Spanish speaking purchasers of baby formula. The instructions for preparation and use printed in Spanish on the product's labeling were incorrect, as they instructed the user to mix two scoops of powder formula with water, rather than correctly using only one scoop of powder. As a result, class members purchased and used twice as many cans of formula as they otherwise should have, and some children experienced vomiting and diarrhea. We included in the class recovery a $100,000 donation to a local charity that focuses on serving the nutritional and educational needs of Hispanic children.

(g) **Class Action for Consumer Fraud in Book Claiming to Be Non-Fiction Memoir — $2.35 million** recovery for a nationwide class of customers who purchased a fictional book while under the impression that the book was a non-fiction memoir. As a result of the misleading marketing, customers bought the book when they would not otherwise have done so, had they known the book was full of embellished and inaccurate depictions of the author's life. The author admitted portions of his book were embellished on The Oprah Winfrey Show.

9. I am currently representing plaintiffs in several nationwide class action lawsuits, including lawsuits alleging fraudulent, deceptive, and misleading trade practices. These cases are pending in various courts across the country. Some of these cases have settled, and some are in the process of settling. For example, I am appointed lead or co-lead counsel in the following pending class action lawsuits:

    (a) *In re: Ventra Card Litigation*
        Court No. 13-cv-7294

    (b) *In Re: Subway Footlong Sandwich Marketing and Sales Practices Litigation*
        MDL No. 2439

    (c) *Lilly Martin, et al. v. KCBX Terminals, et al.*
        Court No. 13-cv-08376 (consolidated).

10. Zimmerman Law Offices, P.C. has devoted considerable time and resources to the investigation, preparation and litigation of this matter, and will continue to do so. Zimmerman Law Offices, P.C. has substantial financial and administrative resources to dedicate to this matter to assist in representing the interests of Plaintiff and the putative Classes.

11. The attorneys at Zimmerman Law Offices, P.C. have extensive knowledge and experience in consumer fraud, negligence, and breach of warranty litigation, and have the ability to expedite and streamline this litigation.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 12, 2014.

                                                s/ Thomas A. Zimmerman, Jr.
                                                  Thomas A. Zimmerman, Jr.